In the United States District Court
Northern District of Texas
Fort Worth Division

| | |
|---|---|
| DONALD R. ROBERTS and DOROTHY LOUISE ROBERTS, § § § Plaintiffs, § § vs. § § § NCO FINANCIAL SYSTEMS, INC. § Defendant. § § | No. 4:10-cv-87 JURY DEMANDED |

## Complaint

Donald R. Roberts and Dorothy Louise Roberts ("Roberts") file this complaint against NCO Financial Systems, Inc. ("NCO") and in support of their complaint would show the following:

### Introduction

1. This is an action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692a-o, the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ch. 392, and the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code §§ 17.41-17.62 ("DTPA").

### Jurisdiction

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1367.

### Parties

3. The Roberts are residents of Tarrant County, Texas.

4. Defendant NCO Financial Systems, Inc., is a foreign corporation that may be served with process by serving its registered agent, CT Corporation System, at 350 N. St. Paul Street, Dallas, Texas 75201.

**Complaint, Page 1.**

## Jury Demand

5.     The Plaintiffs demand that the issues in this case be tried by jury.

## Facts of the Case

6.     NCO telephoned the Plaintiff, Donald R. Roberts, on numerous occasions attempting to collect a debt owed by a man named Donald E. Roberts. Despite numerous conversations with NCO representatives in which Mr. Roberts explained that he was Donald R. Roberts and not Donald E. Roberts and that he was not responsible for Donald E. Roberts' debt, NCO continued to call Mr. Roberts to attempt to collect the debt.

7.     NCO has called repeatedly since at least July of 2009, frequently calling more than once per day and on some days as many as 5 times per day.

8.     Mr. Roberts' wife, Dorothy Roberts, is handicapped and sleeps in a hospital bed in the Roberts' living room. She is greatly disturbed by the repeated phone calls from NCO. The calls have caused her anxiety attacks and other forms of emotional distress. The calls have also caused Mr. Roberts emotional distress.

9.     On information and belief, NCO maintains an electronic record keeping system in which employees record notes about the calls they make to collect debts, including but not limited to the date and time of each call and summary of their conversations with the called persons. On information and belief, supervisors of the employees who made the calls to Mr. Roberts reviewed the call notes concerning these calls and either approved the continued calls to Mr. Roberts or failed to instruct the employees making the calls to stop making the calls. On information and belief these supervisors had the authority to employ, direct or discharge the employees who made the calls to Mr. Roberts.

**Complaint, Page 2.**

## First Cause of Action:
## Fair Debt Collection Practices Act Violations

10.   At all times relevant to this claim, Defendant was a debt collector as that term is defined in FDCPA § 1692a(6).

### Harassment and Abuse

11.   NCO repeatedly attempted to collect a debt from Mr. Roberts despite being advised on numerous occasions that he was not the person responsible for the debt. The attempts to collect the debt involved multiple phone calls in a single day. By repeatedly contacting Mr. Roberts in this manner the Defendant violated FDCPA § 1692d, which prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person, and § 1692d(5), which prohibits a debt collector from causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

### Communication with Third Parties

12.   Mr. Roberts is not one of the persons enumerated in FDCPA § 1692c(b) with whom a debt collector may communicate about a debt without either consent of the consumer who owes the debt or the permission of a court of competent jurisdiction. NCO's communications with Mr. Roberts were not attempts to acquire location information as permitted by FDCPA § 1692b. On information and belief, NCO did not have either the consent of the consumer who owed the debt or of a court of competent jurisdiction to contact Mr. Roberts about the debt. Accordingly, NCO's calls to Mr. Roberts violated FDCPA § 1692c(b), which prohibits a debt collector from communicating with third parties about a debt.

**Complaint, Page 3.**

### Misrepresentation of the Debt

13.     Mr. Roberts does not owe the debt NCO has attempted to collect from him. By representing that he owed the debt, NCO misrepresented the character, amount or legal status of the debt in violation of FDCPA § 1692e(2)(A).

### Second Cause of Action:
### Texas Debt Collection Act Violations

14.     At all times relevant to this claim, Defendant was a debt collector as that term is defined in TDCA § 392.001(6) and engaged in debt collection as that term is defined in TDCA § 392.001(5).

15.     NCO's repeated calls to Mr. Roberts violated TDCA § 392.302(4) which prohibits a debt collector from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

16.     NCO's representations to Mr. Roberts that he owed the debt when he did not owe the debt violated TDCA § 392.304(a)(8), which prohibits misrepresenting the character, extent, or amount of a consumer debt.

### Third Cause of Action:
### Deceptive Trade Practices

17.     By virtue of TDCA § 392.404, the violations of the TDCA referenced above are also actionable under the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41 *et seq* ("DTPA").

### Damages

18.     The unlawful conduct alleged above has caused and been a producing cause of actual damages to Plaintiffs, including but not limited to damages for mental anguish and emotional distress.

**Complaint, Page 4.**

19. Plaintiffs seek the remedies available under the DTPA, including but not limited to additional damages of up to 3 times actual damages under DTPA § 17.50(b) and (h). Defendant's violations of the TDCA and the DTPA were knowing and intentional.

20. Plaintiffs seek exemplary damages in an amount equal to the maximum amount permitted under Tex. Civ. Prac. & Rem. Code Chap. 41. The harm with respect to which the Plaintiffs seek exemplary damages resulted from fraud, malice or gross negligence. On information and belief, to the extent the Defendant engaged in the acts complained of herein through employees who were not vice principals, the Defendant authorized the actions of the employees or knew of the actions of the employees and ratified them by failing to instruct the employees to stop taking the actions.

### Injunction; Private Attorney General

21. Plaintiffs are entitled to an injunction prohibiting further violations of the TDCA and meet all of the requirements of equity and the TDCA for the issuance of a preliminary and permanent injunction against those violations as a private attorney general on behalf of Plaintiffs and all others similarly situated.

### Prayer

22. For these reasons, Plaintiffs pray that this Court:

   a. Enjoin Defendants from violating the TDCA.

   b. Award Plaintiffs the actual damages that have resulted from Defendants' violations of the TDCA, and FDCPA.

   c. Award the Plaintiffs statutory damages under §1692k(a)(2) of the FDCPA.

   d. Award the Plaintiffs relief under §§ 17.50(h) & (b) of the DTPA, including, but not limited to, additional damages of up to 3 times actual damages.

   e. Award the Plaintiffs exemplary damages.

**Complaint, Page 5.**

  f. Award the Plaintiffs costs of court, expenses, attorney's fees and such other relief as is just.

            Respectfully Submitted,

            /s/ Craig Jordan

            Craig Jordan
            Attorney-in-Charge
            Texas Bar No. 11006050

            Lesser & Jordan
            990 S. Sherman Street
            Richardson, Texas 75081
            (214) 855-9355
            (214) 855-9389 (fax)
            craig@warybuyer.com

**Complaint, Page 6.**